United States Court of Appeals
Fifth Circuit

**F I L E D**

April 3, 2006

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-60932
Summary Calendar
_____

ASHIF NAWAZ MUHAMMAD,

Petitioner,

versus

ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL,

Respondent.

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A78 383 604
--------------------

Before HIGGINBOTHAM, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Ashaf Nawaz Muhammad, a native and citizen of Pakistan, petitions for review of an order from the Board of Immigration Appeals (BIA) dismissing his appeal of the immigration judge's (IJ) decision to deny his applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). The BIA also determined that the record supported the IJ's determination that Muhammad filed a frivolous asylum application.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Muhammad challenges the credibility determinations made by the IJ and the BIA. He contends that he has been the victim of past persecution on account of his political opinion and that he has a well-founded fear of future persecution in Pakistan. He maintains that he is eligible for asylum or, in the alternative, withholding of removal and relief under the CAT.

"Credibility determinations are given great deference." Efe v. Ashcroft, 293 F.3d 899, 905 (5th Cir. 2002). This court "cannot substitute [its] judgment for that of the BIA or IJ with respect to the credibility of the witnesses or ultimate factual findings based on credibility determinations." Chun v. INS, 40 F.3d 76, 78 (5th Cir. 1994). Rather, "a credibility determination may not be overturned unless the record compels it." Lopez De Jesus v. INS, 312 F.3d 155, 161 (5th Cir. 2002) (footnote omitted).

Muhammad contends that the discrepancies between his testimony and his written asylum application are attributable to his former attorney. He contends that the documentary evidence supports his claims.

There is a presumption that an applicant who signs an asylum application is aware of the contents of the application. See 8 C.F.R. § 208.3(c)(2). Moreover, Muhammad told the IJ that he had reviewed his asylum application, and he swore that the information contained in the application was true and correct. The adverse credibility determinations made by the IJ and the BIA

are supported by the record.  See Chun, 40 F.3d at 79.  The record thus does not compel a credibility determination contrary to that of the IJ and the BIA.  See Lopez De Jesus, 312 F.3d at 161.

To the extent that Muhammad has briefed an argument challenging the determination that he filed a frivolous asylum application, Muhammad fails to show error.  See 8 U.S.C. § 1158(d)(6).  Accordingly, Muhammad's petition for review of the BIA's order is DENIED.